

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# USA v. Chang

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Chang" (2007). *2007 Decisions.* Paper 399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3630
_____


JOYCE P. CHANG, ELAINE Y. CHANG
a/k/a ELAINE Y. DARER, MICHAEL T. CHANG,
and CHERYL A. CHERNE,
                              Defendants - Appellants,


vs.


UNITED STATES OF AMERICA,
                              Plaintiff - Appellee.
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 02-4834)
District Judge: Honorable Garrett E. Brown, Jr.
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 20, 2007


Before: SLOVITER, SMITH, and GARTH, Circuit Judges.

(Opinion Filed: September 21, 2007)
_____

OPINION
_____

Re:  GARTH, <u>Circuit</u> <u>Judge</u>

This appeal essentially involved a fraudulent transfer of monies where no consideration was paid by the recipients.  The facts, which are somewhat convoluted, are taken primarily from the District Court's opinion, inasmuch as the briefs of the parties were not helpful in this respect.  However, inasmuch as we write only for the parties, we will not describe the facts in detail but only in summary fashion.

The defendant, David Chang, the father of the three Chang children, and a close friend, Cheryl Cherne, received a total of $525,000 from David Chang through his two alter ego corporations, "Saska Corporation" and "Dakota Management, Inc."

The defendant, David Chang, through his alter ego company, "River Road Realty Development Corp.," had generated over $17 million from the sale of a property.  After the payment of various costs, liens and expenses, the defendant, David Chang, paid $441,750 into "Dakota"and $1,630,832.99 into "Saska."  Thereafter, "Saska" sent $150,000 to Joyce Chang and $120,000 to Michael Chang.  Later "Saska" paid $120,000 to Elaine Chang and "Dakota" paid $75,000 to Cheryl Cherne.  "Dakota" also paid $60,000 to Elaine Chang.  No consideration was given for any of these transfers which total the sum of $525,000 noted above.  At the time of the transfers, David Chang was insolvent.

The Small Business Administration holds two judgments against the defendant, David Chang. One in the amount of 2.1 million dollars and the second in the aggregate amount of approximately $995,000. The government, on behalf of the Small Business Administration to whom David Chang owed monies, sought to recover the $525,000 as fraudulent transfers under New Jersey law. Various defenses were raised by the defendants, largely centered on the fact that David Chang was not the alter ego of his entities; that David Chang's payments were to satisfy financial obligations to his children; that David Chang had a debt obligation to Cheryl Cherne, that David Chang was not insolvent; etc., etc.

In a reasoned and well crafted opinion the District Court rejected all of David Chang's defenses and granted summary judgment in favor of the United States. In our review, we applied the same plenary standard that the District Court applied. Having independently examined the record and the briefs, we are satisfied that the District Court's opinion and Judgment should be affirmed substantially for the reasons stated in the District Court's opinion.

The Order granting summary judgment in favor of the United States will be affirmed.